**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **STEVEN WAYNE QUICK, ID # 1243617,**    )   | |
| Petitioner,    ) | |
| vs.    ) | No. 3:12-CV-3378-M (BH) |
| ) | |
| **J. ALFORD, Warden,**    ) | Referred to U.S. Magistrate Judge |
| Respondent.    ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the petition for habeas corpus relief should be denied as barred by the statute of limitations.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is J. Alford, the warden of his prison unit.

On July 7, 2004, petitioner was convicted of unlawful restraint in Cause No. 22,071 in the 196th Judicial District Court in Hunt County, Texas, and sentenced to twenty years imprisonment. (Petition (Pet.) at 2; *see also* www.tdcj.state.tx.us, search petitioner's inmate records). He appealed his conviction and sentence. The Sixth District Court of Appeals affirmed petitioner's conviction and sentence in an unpublished opinion on March 17, 2005. *Quick v. State*, No. 06-04-00107-CR (Tex. App. – Texarkana, March 17, 2005, no pet.). He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

The federal petition claims that petitioner has not filed any state writ application. (Pet. at 3). However, the record from the Court of Criminal Appeals reflects that he did file a state writ on June 12, 2012 challenging his conviction, which was denied on its merits without a written order on August

8, 2012. *See Ex parte Quick*, No. WR-19,831-02 (Tex. Crim. App. Aug. 8, 2012). Petitioner also previously filed a federal petition on February 2, 2006, challenging his conviction for unlawful restraint; it was dismissed without prejudice for failure to exhaust state court remedies on March 21, 2006. On March 4, 2011, petitioner again filed a federal petition challenging his conviction, and it was dismissed without prejudice for want of prosecution on February 27, 2012. *See Quick v. Alford*, No. 3:11-cv-2520-N (N.D. Tex. March 22, 2012). On August 23, 2011, petitioner filed a third federal petition challenging this conviction that was dismissed without prejudice on his motion. *See Quick v. Thaler*, No. 3:11-cv-2095-L (N.D. Tex. Sept. 30, 2011). Petitioner mailed his current federal petition on August 16, 2012. (Pet. at 10).

## II. STATUTE OF LIMITATIONS

**A.  Antiterrorism and Effective Death Penalty Act of 1996**

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through

2

the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Here, petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition or any new constitutional right (subparagraph (C)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)).

Petitioner did not file a PDR with the Court of Criminal Appeals. His state conviction therefore became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after his conviction was affirmed on direct appeal, on June 15, 2005. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires"). The facts supporting his claims became known or could have become known prior to this date. Because he filed his federal petition more than seven years later, his August 16, 2012 filing is untimely.[1]

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year statute of limitations expired well before petitioner's state writ or his current federal petition were filed. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in

---

[1] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

      Here, petitioner presented no argument or evidence that he was prevented from filing either his state writ or any of his federal petitions earlier. He filed his first federal petition, which was dismissed for failure to exhaust state court remedies, on February 2, 2006, before the one-year statute of limitations expired on March 15, 2006. Even with equitable tolling for the period from February 2, 2006, when he mailed that petition, to March 21, 2006, when the petition was dismissed, petitioner then waited many years before filing any writ, in either state or federal court, challenging this conviction.

He has failed to show that he has diligently pursued his rights. Therefore, his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 28th day of August, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE